UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

    Corinne Marie Martelli,                        Bankruptcy Case No. 16-20983-PRW
                                                            Chapter 7

    Debtor.

---

In re:

    Gregory Allan Phillips and                 Bankruptcy Case No. 16-20316-PRW
    Alice Jean Rennells-Phillips,              Chapter 13

    Debtors.

---

In re:

    Thaddeus DuBoise Hagood,              Bankruptcy Case No. 16-20968-PRW
                                                              Chapter 7

    Debtor.

---

**DECISION AND ORDER
DECELERATING AND RESCHEDULING HEARING ON DEBTORS'
MOTIONS TO QUASH SUBPOENAS AND
ACCELERATING AND RESCHEDULING HEARING ON MOTIONS OF
UNITED STATES TRUSTEE SEEKING AN
EXTENSION OF TIME TO CONDUCT
DEPOSITIONS OF DEBTORS UNDER RULE 2004 FRBP**

PAUL R. WARREN, United States Bankruptcy Judge

    The Federal Rules of Bankruptcy Procedure, like the Federal Rules of Civil Procedure, direct that the Court (and the parties) construe the rules "to secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001 FRBP; Rule 1 FRCP. The skirmishes

that are being carried on in these three bankruptcy cases, if left unchecked, are destined to ensure that Rule 1001 will be nothing but a rusting mile-marker along the route of a slow and expensive litigation jaunt. It is necessary for the Court to point the combatants' horses in the same direction and say giddy-up.

These three bankruptcy cases are not related or consolidated.[1] But they do share a common thread. And that thread is Upright Law, LLC, a debt relief agency as defined by 11 U.S.C. § 526, and its local attorney partner, Jason Racki, Esq. The statements and schedules filed by counsel in each of these three cases were sufficiently flawed or lacking in information as to attract the attention of the UST. So too were the statements and schedules in yet another of Mr. Racki's cases—and that case is now the subject of an adversary proceeding by the UST against Upright Law, Mr. Racki, and other entities. (*See Harrington v. Racki et al.*, Case No. 17-2007; *In re Bishop*, Case No. 16-20593).[2]

In late January 2017, the UST brought a motion in all three of the cases at issue, requesting permission to take the deposition of each Debtor under Rule 2004 FRBP and requesting an order compelling each Debtor to produce documents. (Case No. 16-20983, ECF No. 41; Case No. 16-20316, ECF No. 85; Case No. 16-20968, ECF No. 30). Over the objection of Debtors' counsel, the Court granted the UST's motion to take the deposition of each Debtor. The Court declined to grant an order *compelling* the production of documents. Instead, the Court directed the UST to

---

[1] Two of the cases are no-asset Chapter 7 proceedings, in both of which the Debtors have been granted an order of discharge. (*See In re Martelli*, Case No. 16-20983; *In re Hagood*, Case No. 16-20968). The other case is a Chapter 13 proceeding, in which the Court recently confirmed the Debtors' Chapter 13 plan. (*See In re Phillips*, Case No. 16-20316).

[2] The UST requested leave to take a deposition in the *Bishop* case in September 2016. (Case No. 16-20593, ECF No. 17). That request was granted. (ECF No. 27). The deposition was completed before the UST sought permission to take the depositions of the Debtors in these three cases.

serve a deposition subpoena on each Debtor, together with a notice to produce, so as to preserve the deponents' right to be heard—if necessary—on the scope of the document demand.  In all three motions seeking to depose the Debtors under Rule 2004, and in the proposed orders attached to those motions, the UST specifically requested that the depositions take place "*in no event later than May 1, 2017*."  (Case No. 16-20983, ECF No. 47; Case No. 16-20316, ECF No. 96; Case No. 16-20968, ECF No. 38) (emphasis added).  An order was entered in each case on February 16, 2017, permitting the UST to take each Debtor's deposition "in no event later than May 1, 2017."  (*See id.*).

On April 28, 2017, the UST filed a Complaint initiating an adversary proceeding against Upright and Mr. Racki, arising out of the *Bishop* chapter 7 case.  (*Harrington v. Racki et al.*, Case No. 17-2007, ECF No. 1).  But, the May 1st deadline for the UST to serve the deposition subpoenas and notices to produce came and went, silently, in the *Martelli*, *Phillips*, and *Hagood* cases.  Then, in late May, the UST served subpoenas *seeking the production of documents* on each of the Debtors.  (Case No. 16-20983, ECF No. 57; Case No. 16-20316, ECF No. 111; Case No. 16-20968, ECF No. 43).  Oddly, the subpoenas said nothing about taking the *deposition* of each Debtor.  (*See id.*).

And that brings us to the heart of the most recent skirmish—necessitating this decision.  On June 9, 2016, Debtors' counsel filed a motion in each of these three cases, seeking to quash the UST's subpoenas.  The motions to quash were scheduled to be heard on June 30, 2017, but were adjourned by the parties to July 13, 2017.  Late in the day on July 10, 2017, the UST filed opposition to the motions.  (Case No. 16-20983, ECF Nos. 67, 70; Case No. 16-20316, ECF No. 129; Case No. 16-20968, ECF No. 55).  Immediately after, the UST also filed a motion in each case, seeking to extend the time to conduct an examination of each Debtor and "to obtain and

3

review discovery in each case" under Rule 2004.  (Case No. 16-20983, ECF No. 68; Case No. 16-20316, ECF No. 130; Case No. 16-20968, ECF No. 56).  The UST made the motions returnable August 17, 2017.  So, on the one hand, the UST asks that the subpoenas—potentially untimely served—not be quashed (*scheduled to be heard tomorrow*), and, on the other hand, the UST asks that the Court (*next month*) grant an extension of time, to the end of the year, to conduct depositions of the Debtors under Rule 2004 and "to obtain and review discovery."  The factual and legal issues raised in the Debtors' motions to quash and the UST's motion to extend time, while not identical, are certainly related enough to be first cousins.  The competing motions must be heard together.

It seems that those who penned Rule 1001 FRBP might look at this tale and frown.  Rightfully so.  And, in effort to ensure that a "just, speedy, and inexpensive determination" of these proceedings be had, the Court **ORDERS** that the hearing on the Debtors' motions to quash be **DECELERATED AND RESCHEDULED to July 20, 2017 at 9:00 a.m.**  The Court further **ORDERS** that the UST's motions to extend time to conduct depositions and discovery be **ACCELERATED AND RESCHEDULED to July 20, 2017 at 9:00 a.m.**  The UST has already responded to the Debtors' motions to quash.  No further submissions are needed.  The Debtors' responses—if any—to the UST's motions to extend time are to be **served and filed by 3:00 noon on July 17, 2017**, to afford the Court time to consider the submissions of the parties.

IT IS SO ORDERED.

DATED: July 12, 2017  
       Rochester, New York  

_____/s/_____  
HON. PAUL R. WARREN  
United States Bankruptcy Judge